# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 04-5015                                       September Term, 2003

03cv02027



Filed On:

Clarine Stephens,
Appellant

v.

James G. Roche, Secretary of the Air Force,
Appellee

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED   APR 2 9 2004

CLERK

BEFORE:   Ginsburg, Chief Judge, and Edwards and Sentelle, Circuit Judges

## ORDER

Upon consideration of the motion for summary affirmance, the response thereto, the reply, and the motion to expedite, it is

**ORDERED** that the motion for summary affirmance be granted, because the district court correctly held that the present complaint is barred by the doctrine of res judicata. See, e.g., Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979). The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). It is

**FURTHER ORDERED** that the motion to expedite be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

Per Curiam

# SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
### WASHINGTON, DC 20543-0001

December 28, 2004

Clarine Stephens
6206 8th Street, NW
Washington, DC 20011-1923

RE: Stephens v. Roche

Dear Ms. Stephens:

The above-entitled petition for writ of certiorari was received December 27, 2004. The papers are returned for the following reason(s):

The petition is out-of-time. The date of the lower court judgment or order denying a timely petition for rehearing was September 13, 2004. Therefore, the petition was due on or before December 12, 2004. Rules 13.1, 29.2 and 30.1. When the time to file a petition for a writ of certiorari in a civil case (habeas action included) has expired, the Court no longer has the power to review the petition.

The time for filing a petition for a writ of certiorari is not controlled by the date of the issuance of the mandate. Rule 13.3.

Sincerely,
William K. Suter, Clerk
By:

S. Elliott
(202) 479-3025

Enclosures

No. 04M45
Title:    Clarine Stephens, Petitioner

v.

James G. Roche, Secretary of the Air Force

Docketed: January 7, 2005
Lower Ct: United States Court of Appeals for the District of Columbia Circuit
Case Nos.: (04-5015)

~~~Date~~~ ~~~~~~~Proceedings and Orders~~~~~~~~~~~~~~~~

Jan 5 2005  Motion of petitioner to direct the Clerk to file a petition for a writ of certiorari out-of-time filed.

Jan 12 2005  DISTRIBUTED for Conference of February 18, 2005.

Feb 22 2005  Motion Denied.


~~Name~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ ~~~~~~~Address~~~~~~~~~~~~~~~~~~~~~~~~~~ ~~Phone~~~

**Attorneys for Petitioner:**

Clarine Stephens                         6206 8th Street, N.W.               (202) 882-8349
                                            Washington, DC 20011-1923

Party name: Clarine Stephens

**Attorneys for Respondent:**

Paul D. Clement                          Acting Solicitor General            (202) 514-2217
                                            United States Department of Justice
                                            950 Pennsylvania Avenue, N.W.
                                            Room 5614
                                            Washington, DC 20530-0001

Party name: James G. Roche, Secretary of the Air Force