UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLARINE STEPHENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-751 (RBW) |
| ) | |
| MICHAEL WYNNE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On April 25, 2006, the pro se plaintiff filed a complaint against the Secretary of the Air Force claiming discrimination and retaliation relating to her allegedly wrongful termination from Bolling Air Force Base in 1992. The Court notes that the plaintiff's complaint in this case is identical in every respect to her complaint in a prior case, Stephens v. Roche, Civil Action No. 03-2027. Roche was dismissed by another member of this Court on the grounds that the subject matter had been previously litigated (and dismissed) in yet another prior complaint, Stephens v. Widnall, Civil Action No. 93-1443.[1] On April 27, 2006, this Court issued an order directing the plaintiff to show cause why her complaint in this case should not be dismissed on the grounds that it has been previously litigated. The Court also directed the plaintiff to show cause why she should not be summarily barred from refiling her complaint in the future.

---

[1] Stephens v. Roche, No. 03-2027, slip op. at 1 (D.D.C. Dec. 30, 2003), aff'd, No. 04-5015, 2004 WL 941196 (D.C. Cir. Apr. 29, 2004), cert. denied, 543 U.S. 1142 (2005) (discussing Stephens v. Widnall, No. 93-1443, 1997 WL 122881 (D.D.C. Mar. 7, 1997), aff'd, 1997 WL 404326 (June 30, 1997), cert. denied, 522 U.S. 1004 (1997)).

On May 4, 2006, the plaintiff responded to the order to show cause. In her response, the plaintiff concedes that this complaint has been previously litigated, and contends that she is "not asking that this complaint go back through litigation again." Plaintiff's Motion [sic] to Show Cause at 1. Rather, the plaintiff claims that she is "trying to work [her] way back up to the Supreme Court in hope that [she] will obtain a Docket Number." Id. at 2. She further states that "[o]nce this case gets to the Supreme Court, [she] will dismiss it there." Id. at 2-3. Finally, the plaintiff states that she is "searching for a DOCKET NUMBER" and that she has "been told that the DOCKET NUMBER has to come from the Supreme Court." Id. at 4 (capitalization in original).

The plaintiff has failed to provide a coherent explanation why she has refiled a complaint that the Court has dismissed on several occasions. To the extent that the plaintiff is seeking to revisit the merits of her previously rejected allegations, the complaint is barred by res judicata and must be dismissed. See Apotex, Inc. v. FDA, 393 F.3d 210, 217 (D.C. Cir. 2004) ("[T]he doctrine of res judicata holds that a judgment on the merits in a prior suit bars a second suit involving identical parties . . . based on the same cause of action."). Moreover, because the plaintiff appears intent on continuing to refile this complaint until she has achieved a favorable outcome—a repetitive and futile exercise which wastes considerable judicial resources—the Court bars her from filing any complaints in the future relating to her 1992 termination from Bolling Air Force Base. See In re Green, 669 F.2d 779, 787 (D.C. Cir. 1981) (directing district court to enter order requiring pro se litigant to certify, when filing a civil action, "that the claims he wishes to present are new claims never before raised or disposed of on the merits by any federal court"); accord Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986) (noting that courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the

judicial machinery needed by others," and thus have "considerable discretion" to fashion injunctive remedies limiting the filing of frivolous litigation). The plaintiff has had a full and fair opportunity to present and litigate these claims, and therefore will not be prejudiced by the entry of this order. See Harrelson v. United States, 613 F.2d 114, 116 (5th Cir. 1980) (upholding district court's injunction preventing pro se litigant from refiling "any cause of action arising from the fact situation at issue in [that] case"). Accordingly, it is this 18th day of May, 2006, hereby

**ORDERED** that the plaintiff's complaint is DISMISSED with prejudice. It is further

**ORDERED** that the plaintiff is barred from filing future complaints relating to her 1992 termination from Bolling Air Force Base.

**SO ORDERED.**

REGGIE B. WALTON
United States District Judge